IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN W. BRITT, HG-7538,)
    Petitioner,)
)
v. ) 2:14-cv-767
)
THE ATTORNEY GENERAL OF )
PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition are the respondents' Motions to Dismiss (ECF Nos. 12 and 13). For the reasons set forth below, the motions will be granted, and the petition will be dismissed.

Kevin W. Britt, an inmate at the State Correctional Institution – Laurel Highlands has presented a petition for a writ of habeas corpus. Britt is presently serving a 38 ½ to 77 year sentence imposed following his conviction, by a jury, of burglary, robbery involving serious bodily injury, robbery with a threat of serious bodily injury and possession of a firearm at No. CP-65-CR-4137-2006 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on October 24, 2007.[1] An appeal to the Superior Court was filed and on January 27, 2009, the judgment of sentence was affirmed.[2] Leave to appeal to the Pennsylvania Supreme Court was denied on September 10, 2009.

On June 7, 2010, Britt filed a post-conviction petition. The record appears to indicate that the latter petition was dismissed on March 11, 2011 (Order denying post-sentence motion) and an appeal to the Superior Court was filed. On May 9, 2012, the denial of post-conviction relief

---

[1] See: Petition at ¶¶ 1-6.
[2] The chronology of events as set forth herein is derived from the Westmoreland County Docket Sheet available at https://uhsportal.pascourts.us at No. CP-65-CR-4137-2006. The appellate docket sheet is available at 693 WDA 2011.

1

was affirmed. Leave to appeal was filed in the Pennsylvania Supreme Court and denied on October 12, 2012.[3]

Britt then filed a second post-conviction petition on June 20, 2014 which is pending in the Westmoreland County Court of Common Pleas.[4]

In the instant petition, executed on May 14, 2014; post-marked June 11, 2014 and received in this Court on June 16, 2014, Britt contends he is entitled to relief on the following grounds:

1. Ineffective assistant of counsel in failing to investigate alibi information.
2. Trial counsel was ineffective for failing to file pre-trial suppression and severance motions.
3. Appellate counsel was ineffective in failing to properly present and litigate sufficiency of evidence claim.
4. Excessive sentencing

The respondents now move to dismiss the petition as untimely.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

---

[3] Id.
[4] Id.

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on September 10, 2009, and the time in which to seek a writ of certiorari from the United States Supreme Court expired on December 9, 2009 and as a result his conviction became final on that date. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until June 7, 2010 or almost six months after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on May 9, 2012 and leave to appeal to the Pennsylvania Supreme Court was denied on October 12, 2012. The instant petition was "executed" on May 14, 2014 but not received until June 16, 2014, clearly at least a year and a half after Britt could have sought relief here. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Day v. McDonough, 547 U.S. 198 (2006); United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc). On September 10, 2014, the petitioner was directed to respond to the instant motion on or before September 24, 2014. No response has been filed.

Accordingly, the respondents' Motion to Dismiss the instant petition as time barred will be granted, and an appropriate Order will be entered.

ORDER

AND NOW, this 29th day of September 2014 for the reasons set forth in the foregoing Memorandum, the Respondents' Motions to Dismiss (ECF 12 and 13) are GRANTED.

The parties are advised that pursuant to Rule 4(a) F.R.App.P any party desiring to file an appeal must do so within thirty (30) days of this date by mailing a notice of appeal to the Clerk, United States District Court, 700 Grant Street, Pittsburgh, PA 15219-1957.

s/ Robert C. Mitchell
United States Magistrate Judge